JUAN RAMÓN VÁZQUEZ ROSADO, Plaintiff and Appellee, *v.* HÉCTOR MOLINI ARBONA, Defendant and Appellant.

No. O-68-92.     Decided June 3, 1969.

*Jorge Díaz Cruz* for defendant-appellant. *Francisco Vázquez Gutiérrez* and *Julio Irvin Rodríguez* for plaintiff-appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This case was initiated with a complaint for the recovery of unpaid rentals. It came to us by way of certiorari from the Superior Court, where it was taken on appeal from the District Court. The District Court dismissed the complaint and the Superior Court reversed the latter's judgment.

We must decide whether the lessee may consider an existing lease contract of urban property for a fixed term, as unilaterally terminated before its expiration, because of the fact that the lessor has sold to a third person the property object of the lease contract.

The facts as weighed by the trial court may be summarized as follows. By means of a contract executed before notary on August 6, 1962 Dr. Héctor Molini, dentist, bought from Dr. Julio Nigaglioni the equipment and furniture of the latter's dental office. Said office was located on the ground floor of a building property of Nigaglioni, located on Mattei Lluberas Street of Yauco. It was agreed upon in the contract that the price paid by Molini included the good will of the dental office which the vendor had attended there for many years. Besides the aforesaid sale of equipment and furniture, Nigaglioni leased Molini the building where the office was located. It was agreed upon in the lease contract that the lease would be for the term of five years beginning on September 1, 1962. The building was divided by the contracting parties into two separate rentable units: one, the ground floor which was used as office and to which a monthly rent of $250 was fixed; and the other, the second floor which was used as a dwelling and to which a monthly rent of $150 was fixed.

Almost three years later, on May 12, 1965, the lessor, Nigaglioni, sold to Juan Ramón Vázquez Rosado, plaintiff herein, the building involved in this action. After the change of owner of the property, the defendant Dr. Molini, on December 1965, advised the new owner that he considered the lease of the ground floor as terminated and he sent him the key of the premises. Defendant discontinued the payments of the monthly rent of said premises as of January 1, 1966. The lease contract, as agreed upon, expired on September 1, 1967.

The trial court determined also that in, or about, May 1965, when the change of owner of the property occurred, the lessee Dr. Molini had already exhausted all profit on account of the good will acquired in September 1962 from its vendor, Dr. Nigaglioni.

On account of the aforesaid action taken by the lessee and of the discontinuance of the payment of the rent, his lessor, Vázquez Rosado, brought an action against him for the recovery of unpaid rentals, with the aforementioned results.

Defendant Molini has taken an appeal to this Court alleging (1) that the Superior Court applied the Reasonable Rents Act improperly and (2) that the Superior Court erred in understanding that the lease contract executed between the lessee and the previous owner of the property remained in force after the change of owner. In his brief before us, appellant assigns a third error by which he alleges that there was no evidence in the sense that the rent claimed was within the legal maximum fixed by the Economic Stabilization Administrator.

■ Said assignment of errors has no validity. The first question which we mentioned in the second paragraph of this opinion should be answered in the negative. When a lease contract of urban property for a fixed term exists, the lessee may not consider it unilaterally as terminated before its expiration because of the fact that the original lessor has sold to another person the property object of the lease contract. The new owner cannot do it either under the authority of the Reasonable Rents Act.

Section 15 of the Reasonable Rents Act, as amended by Act No. 67 of June 19, 1964, 17 L.P.R.A. § 205, provides that every person acquiring a leased property shall be subject to the terms of that Act and shall not claim any rights other than those therein established for the original owner. Said § 15 also provides that in case of sale, cession, or alienation of a leased property, the lease contract of the tenant with the previous owner shall be understood as subsisting. Said section also provides that the lease contract remains subject to the extension specified by § 12 of the Act. It can be inferred from the foregoing that although the owner of the property may

change, the landlord-tenant relation remains the same. Unless otherwise agreed upon with the tenant, neither the new owner is entitled to any right which the former owner did not have with respect to the tenant, nor the latter acquires any right he did not have with respect to the former owner with whom he executed the lease contract.

The District Court believed that the extension of § 12 of the Act, which is compulsory for the lessor and optional for the tenant, authorized tenant Molini to consider the lease contract as terminated before its expiration. This, of course, was an error. Said § 12 provides as follows:

"On the day of expiration agreed upon in a lease contract of a rental property, irrespective of any change of landlord, the lease contract shall be compulsorily extended by the landlord at the option of the tenant without altering any of the clauses thereof, all of which shall be deemed in force. The foregoing is applicable both to written and oral contracts, and the extension shall be understood for the periods of time fixed by section 1471 of the Civil Code."—17 L.P.R.A. § 192.

The act is clear in the sense that the unilateral right of the tenant to extend or to terminate the contract may be exercised only "on the day of expiration agreed upon in a lease contract" and not before.

As it is inferred from the facts previously related, the tenant considered the lease contract as terminated before the day of its expiration. It is after the term agreed upon in the lease contract has expired that the tenant has, before the owner, the right to extend or not the contract. The change of owner did not entitle the tenant to breach the contract, right which he did not have before. Said contract, by operation of the law, remained subsisting "without altering any of the clauses thereof." 17 L.P.R.A. § 192. As it may be noted, §§ 12 and 15 of the Reasonable Rents Act complement themselves and are consonant with each other. The first error assigned was not committed.

Neither was the second error committed. As we have seen, by express provision of §§ 12 and 15 of the Reasonable Rents Act, 17 L.P.R.A. §§ 192 and 205, the rights of the original owner and lessor were perfectly assignable to the new owner. There is nothing in the record which may render this deed of sale of furniture and lease contract of real property unassignable either by its nature or by agreement, or by provision of law, conditions which would be necessary in order to render it unassignable. Section 1209 of the Civil Code, 31 L.P.R.A. § 3374. The only ingredient of the contract of sale which perhaps could be considered unassignable was the good will of the office which Nigaglioni sold to Molini but, as we stated before, at the time on which Molini wanted to consider the lease contract as terminated he had exhausted every profit on account thereof. So that what remained from the contract was its common and current part of a lease contract of urban real property.

■ It is alleged in the third assignment that the Superior Court erred because there was no evidence that the rent claimed was within the legal maximum fixed by the Economic Stabilization Administrator. Neither does it appear from the record nor appellant has shown to us that the administrator had fixed any maximum rent in this case, or any other which would have been in conflict with the rent claimed. In the absence of evidence to the contrary we must presume that the law has been obeyed and that the private transactions have been fair and regular. Law of Evidence, 32 L.P.R.A. § 1887, subsections 19 and 32.

■ Besides, appellant has not proved that said property was rented in the year 1942 and on the other hand it appears from the record that its former owner practiced his profession therein during 34 years. Since the former owner leased it to Molini in 1962 we must conclude that it was not leased in 1942 because at that time the former owner was using it

as his professional office. The Reasonable Rents Act provides that "Until the Administrator shall fix the corresponding rent, the maximum rent for the property shall be the first one charged." 17 L.P.R.A. § 186(d). Everything indicates that the rent collected from appellant Molini was the first rent charged on those premises and by operation of the law said rent is valid and lawful. The third error assigned was not committed either.

For the reasons stated the judgment rendered in this case by the Superior Court, Ponce Part, on January 10, 1968 insofar as it reverses the one rendered by the District Court on January 18, 1967, will be affirmed, and defendant will be ordered to pay plaintiff the sum claimed in the complaint, which is the amount of $2,250 on account of monthly rents due and not paid from January 1, 1966 to October 11, 1966, date on which the trial was held, in accordance with the amended complaint. The costs and the amount of $250 for attorney's fees will be imposed on defendant.